IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
(ATLANTA)

| | |
|---|---|
| IN RE:<br>Keeli Tameka Rosser<br><br>**Debtor(s)**. | CASE NO. 26-59669-bem<br>CHAPTER 13<br><br>Chief Judge Barbara Ellis-Monro |
| Keeli Tameka Rosser, Debtor<br><br>**Movant**<br><br>**v.**<br><br>Yamasa Co. LTD Syndicate-5, Creditor<br>K. Edward Safir, Trustee<br><br>**Respondents** | CONTESTED MATTER |

**RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO EXTEND STAY PURSUANT TO 11 U.S.C. SECTION 362(c)**

COMES NOW, Yamasa Co. LTD Syndicate-5 (hereinafter "Respondent"), a creditor and party in interest in the above-captioned case, by and through its undersigned counsel, and herein files its response to the Motion KEELI TAMEKA ROSSER ("Debtor"), as filed on August 3, 2026 [Doc. 15] ("Motion") to Extend the Automatic Stay, pursuant to 11 U.S.C. § 362(c), respectfully showing this honorable Court as follows:

1.

The instant Bankruptcy proceeding was filed on July 23, 2026.

2.

Respondent stands as landlord of that certain real property known as 4270 Reserve Hill Crossing, Douglasville, GA 30135 ("Property") with Debtor and another third-party non-movant.

3.

On March 12, 2026, Debtor filed prior Bankruptcy Case No. 26-53404 ("Prior Bankruptcy"), Chapter 13, within the Northern District of Georgia.

4.

The Prior Bankruptcy was filed the day immediately prior to a noticed dispossessory proceeding relating to the Property in the Magistrate Court of Douglas County, case 26MV00986 ("Dispossessory Proceeding").

5.

Within the Prior Bankruptcy, Respondent filed a proof of claim in the amount of $16,108.71. See Claims Register 1-1, Prior Bankruptcy.

6.

Said Prior Bankruptcy was dismissed on May 27, 2026, due to Debtor's failure to fund the plan set forth within the Prior Bankruptcy.

7.

Upon the dismissal of the Prior Bankruptcy, Respondent moved to reset the Dispossessory Proceeding for hearing with the Magistrate Court of Douglas County, as reset to July 24, 2026.

8.

On July 23, 2026, Debtor filed the instant Chapter 13 proceeding, again being filed one day prior to the re-noticed hearing of the Dispossessory Proceeding.

9.

Within the instant Bankruptcy, Respondent filed a proof of claim in the amount of $26,966.01. See Claims Register 3-1. Said claim represents rent unpaid from October 2025 to the date of filing of the instant Bankruptcy. Id.

10.

At the time of the filing of the instant bankruptcy, Debtor filed a proposed plan which elects to surrender collateral as to Respondent, namely the residential lease and possession of the Property. *See* Doc. 2, page 3.

11.

Debtor's filing identifies the Property as being surrendered, with the automatic stay terminated, upon confirmation of the bankruptcy plan. Id.

12.

Notwithstanding the foregoing, within the Motion Debtor, by way of counsel, represented this action was filed "in a good faith effort to retain her home." Doc. 15, p. 2. The proposed plan, as unamended, expressly reflects Debtors' intent to not retain her possessory interest in the Property and not satisfy her arrearage. See Doc. 2.

13.

Upon Debtor's filing of the instant Bankruptcy, the bankruptcy automatic stay expires thirty days after filing pursuant to 11 U.S.C. § 362(c)(3)(A) in light of the pendency of the Prior Bankruptcy which was pending and dismissed within the previous year.

14.

Respondent asserts that the Motion filed by Debtor is in bad faith, as set forth above, pursuant to 11 U.S.C. § 362(c)(3)(C).

15.

Pursuant to 11 U.S.C. §362(c)(3)(C), a bad faith presumption arises by way of Debtor filing the instant action.

16.

Pursuant to 11 U.S.C. §362(c)(3)(C), and in light of the aforementioned facts, a bad faith presumption arises in light of Debtor's actions. Based on the facts set forth above, as not otherwise rebutted within Debtor's motion, Debtor has failed to rebut the bad faith presumption of their actions in filing the instant bankruptcy, and accordingly the automatic stay cannot be extended. See also *In re Pruitt*, 2016 WL6195927 at *4 (Bankr. S.D. Ga., 2016).

17.

Additionally, Georgia law affords Debtor no right to cure the Dispossessory Proceeding and remain in the subject residential property, particularly in light of her express intention to abandon and surrender the Property as set forth within the proposed bankruptcy plan.

18.

Respondent respectfully requests that the Automatic Stay pursuant to Rules 4001 and 9014 of the Bankruptcy Rules, 11 U.S.C. §362(c)(3)(C), and 11 U.S.C. § § 362 (a)(d) is not extended and/or imposed, including as to Respondent. Respondent asserts that it will suffer harm if the aforementioned Automatic Stay is extended and/or imposed, including Respondent lacking adequate protection for the additional harm caused Respondent due to the additional delays in recovering possession of the Property in filing this Bankruptcy Action in bad faith.

WHEREFORE, Respondent PROGRESS RESIDENTIAL BORROWER 17, LLC prays for the following relief:

(a) That the Court deny Debtor's Motion to Extend Automatic Stay, including as to Respondent;

(b) That an order be entered memorializing that the automatic stay pursuant to § 362(d) of the Bankruptcy Code is terminated, annulled, modified, and shall not be imposed, including as to Respondent and the Property;

(c) That this Court enter an order, pursuant to 11 U.S.C. §362(c)(3)(C), that no automatic stay is in effect ab initio of the filing of the instant Bankruptcy proceeding, including as to Respondent and the Property;

(d) That the Court waive and/or modify Bankruptcy Rule 4001(a)(3) so as to allow Respondent to continue to proceed with removing Debtor from the subject residential property within the Dispossessory Proceeding; and

(d) For such other and further relief as this Court deems just and equitable.

Respectfully submitted, this Thursday, August 20, 2026.

THE TOTTEN FIRM, LLC
5579 Chamblee-Dunwoody Rd, Ste B136
Atlanta, GA 30338
(404) 692-4342 (Telephone)
mft@tottenfirm.com

/s/ Matthew F. Totten
MATTHEW F. TOTTEN
(Georgia Bar No. 798589)
ATTORNEY FOR *Progress Residential Borrower 17, LLC*

**CERTIFICATE OF SERVICE**

This is to certify that, in accordance with BLR 5005-5 (Bankr. N.D. Ga.), I have this date electronically filed the within and foregoing ***RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO EXTEND STAY PURSUANT TO 11 U.S.C. SECTION 362(c)***in the above-captioned contested matter with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all parties or counsel of record, and specifically, to counsel of record for the parties in interest in this matter:

K. Edward Safir
Standing Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave. NE
Atlanta, GA 30303

Danielle J. Eliot
Law Office of Danielle J Eliot, PC
Ste 420
1001 Weatherstone Pkwy
Woodstock, GA 30188
Counsel for Debtor

I have also on this day caused a copy of the pleading to be placed in the first-class United States mail, postage prepaid, addressed to the following recipients not participating in the CM/ECF system as follows

Keeli Tameka Rosser
4270 Reserve Hill Crossing
Douglasville, GA 30135
Debtor

Dated: Thursday, August 20, 2026.

THE TOTTEN FIRM, LLC
5579 Chamblee-Dunwoody Rd, Ste B136
Atlanta, GA 30338
(404) 692-4342 (Telephone)
mft@tottenfirm.com

/s/ Matthew F. Totten
MATTHEW F. TOTTEN
(Georgia Bar No. 798589)
ATTORNEY FOR RESPONDENT